UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL JORGE M.,[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-08258-TLN-SCR<br>A# 232-303-903<br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Abel Jorge M.'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, the Court GRANTS the petition. (ECF No. 1.) Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States in 2000 or 2001 without inspection or parole.[2] (ECF No. 1 at 3; ECF No. 8-1 at 3.) In 2022, he married a United States citizen and has three children from a previous relationship. (ECF No. 1 at 130, 134–36.) Petitioner worked for himself as a landscaper at a business he created. (*Id.* at 4, 188–90.) Petitioner's wife filed an I-130 Petition for Alien Relative on his behalf, which was approved on December 18, 2023. (ECF No. 1 at 131–34; ECF No. 8-1 at 2.)

In 2004, he was convicted of a misdemeanor for driving under the influence of alcohol.[3] (ECF No. 8-2 at 5; ECF No. 7.) In 2015, he was charged with violating probation.[4] Local authorities arrested Petitioner on August 27, 2026, for driving without a license. (ECF No. 1 at 5.) He was released on a $500 cash bond and then arrested by U.S. Immigration and Customs Enforcement ("ICE") three days later and served with a Notice to Appear in immigration court. (*Id.*; ECF No. 8-1 at 2, 5–8.)

The Miami Krome Immigration Court held a bond hearing for Petitioner on September 16, 2026, and the immigration judge ("IJ") denied Petitioner bond, finding him to be a flight risk. (ECF No. 8-3.)

After his transfer to the California City Detention Facility, Petitioner filed the instant Petition for Writ of Habeas Corpus on October 8, 2026, challenging the lawfulness of his civil detention. (ECF No. 1.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[2] Petitioner does not state the precise date, and Respondents' records only confirm that he entered "at an unknown location and unknown date." (ECF No. 8-1 at 3.)

[3] Respondents submit a copy of Petitioner's RAP sheet which notes a charge for driving under the influence but does not specify a disposition. (ECF No. 8-2 at 5.) At Petitioner's bond hearing, Petitioner's counsel confirmed that he pleaded guilty to the offense. (ECF No. 7.)

[4] Again, the RAP sheet does not specify a disposition of this charge. (ECF No. 8-2 at 5.) During the bond hearing, Petitioner's counsel stated that he was unaware of any period of probation imposed upon him. (ECF No. 7.)

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner argues that his detention violates the Fifth Amendment Due Process Clause and that his bond hearing failed to provide constitutionally sufficient process.[5] (ECF No. 1 at 8–10.) Respondents contend that Petitioner's claims are barred by prudential exhaustion and that he is lawfully detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 8 at 1–3.)

### A. Prudential Exhaustion

Respondents argue that Petitioner should be required to exhaust administrative remedies before pursuing habeas relief. (ECF No. 8 at 2.)

Courts may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983). An administrative appellate record is not necessary to reach a proper decision on Petitioner's claim that his detention does not comport with due process, as the Court is in possession of all evidence necessary to

[5] Petitioner also appears to challenge his detention as not complying with the Immigration and Nationality Act ("INA"). (ECF No. 1 at 7–8.) Finding relief warranted on Petitioner's due process claim, the Court declines to address this additional argument in favor of judicial economy.

resolve this claim, including a full Digital Audio Recording ("DAR") of the bond hearing. (ECF No. 7.) Second, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts will only have jurisdiction in the "rare case[s]" where future petitioners allege a "colorable" constitutional or legal challenge to the government's procedures. *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (citing *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 1991)). Finally, there is no reason to delay for the possibility that the BIA will correct any mistakes in the IJ's decision. *See, e.g.*, *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026) ("Where the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error.") Additionally, because Petitioner is currently detained by the government, irreparable injury would result from requiring exhaustion. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Thus, the Court declines to require prudential exhaustion in this case.

### B. Fifth Amendment Due Process Challenge to Bond Proceedings

Petitioner claims that the bond proceedings before the immigration court violated his right to due process. (ECF No. 1 at 8–10.) Respondents argue that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) ("§ 1226(a)"), and that Petitioner fails to demonstrate any legal or factual errors in the IJ's decision. (ECF No. 8 at 2.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez*, 872 F.3d at 990. The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

i. *Liberty Interest*

As to the first step, the Court finds Petitioner has a clear liberty interest protected by the Fifth Amendment. Petitioner has lived in this country for approximately twenty-six years. He has family here, established a landscaping business, and applied for immigration relief. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 997; *Zadvydas*, 533 U.S. at 693.

ii. *Process Owed*

As to the second step — the process owed to Petitioner — Respondents concede Petitioner is entitled to the procedural safeguards of § 1226(a) and its implementing regulations. (*See* ECF No. 8 at 2.) Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Because the parties agree Petitioner is entitled to a bond hearing in accordance with § 1226(a), the Court proceeds to determine whether he received a constitutionally compliant bond hearing.

At a § 1226(a) bond hearing, an IJ must determine whether a noncitizen is a danger to the community or a flight risk. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024); *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (setting forth the nine factors for examination). Otherwise, "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by . . . bond or alternative conditions." *Hernandez*, 872 F.3d at 994.

As constitutional challenges to IJ detention determinations present mixed questions of fact and law, the appropriate standard of review is "abuse of discretion." *Martinez*, 124 F.4th at 783–84. However, "due process claims and questions of law raised in immigration proceedings" are reviewed de novo. *See Singh v. Holder*, 638 F.3d 1196, 1202–03 (9th Cir. 2011). Under an abuse of discretion standard, the court does not reweigh evidence but instead considers whether the IJ "applied the correct legal standard." *Martinez*, 124 F.4th at 785. (quoting *Konou v. Holder*, 750

F.3d 1120, 1127 (9th Cir. 2014)). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)).

At Petitioner's September 16, 2026 bond hearing before the Miami Krome Immigration Court, the Department of Homeland Security ("DHS") argued that Petitioner should be denied bond because of his 2004 conviction for driving under the influence.[6] (ECF No. 7.) Petitioner's counsel acknowledged that conviction, and his arrest for driving without a license, but argued that Petitioner's extensive community ties outweigh them. (*Id.*) Counsel specifically pointed to his approved I-130 application, pursuit of cancellation of removal, and United States citizen spouse and six children and stepchildren.[7] (*Id.*)

Counsel went on to describe the following, based on evidence he had entered into the record on Petitioner's behalf: Petitioner's employment at an LLC he founded, an address Petitioner has lived at for six years; twenty years' worth of tax returns filed with the IRS; medical treatment and support he provided to his spouse; and nineteen letters submitted in support of Petitioner's character, including one from the officer who had arrested him for driving without a driver's license. (*Id.*) DHS responded and emphasized Petitioner's criminal history,[8] that Petitioner has been in the country for decades without attempting to obtain legal status, and that his potential for relief from removal is speculative. (*Id.*)

The IJ then brought up tax returns and employment documents where Petitioner had listed

---

6 Counsel for DHS initially misstated the date of the conviction as 2001 but later corrected herself. (ECF No. 7.)

7 The IJ and Petitioner's counsel engaged in a lengthy digression concerning whether Petitioner has two or three stepchildren, since Petitioner had only submitted documentation of two stepchildren. (ECF No. 7.) The Court does not find this dispute material to the ultimate determination of whether Petitioner presents a flight risk.

8 Counsel for DHS also referred to an alleged probation violation from 2015. *See supra*, n.4.

a Social Security Number ("SSN"). (*Id.*) Petitioner was placed under oath and testified that he did not have an SSN and could not recall where the number he had used came from. (*Id.*) The IJ then ruled as follows:

> Sir, the court has carefully reviewed over 200 pages of documents in support of your bond request today. The court finds you are a flight risk and denies your bond request for the following reasons. You entered the United States unlawfully. The court recognizes that you have been living in this country for a long time. At the same time you have waited more than 20 years to try and legalize your immigration status in the United States. The court notes that you are married to a United States citizen and that she filed a petition for you. The court also notes that that petition was approved. However, based on the manner in which you entered the United States, the approval of that petition cannot help you in this current immigration case.
>
> The court notes that you have three biological children from a prior relationship, and at least two stepchildren from your current marriage, and that these children were born in the United States, and the court notes that you are thinking about applying for something that's called cancellation of removal. The court notes that the law of cancellation of removal is very strict. The court has little to no information on how your children would suffer if you were removed from the United States. The court does not have any information to show that your biological children live with you under the same roof. So at this time the court finds that at this time your future anticipated application for cancellation for removal appears speculative.
>
> The court is concerned with the fact that you have used a social security number that was not given to you by the government for almost two decades. This shows a disregard for the laws of this country. The court notes that you have never had a driver's license, and that you have been convicted of drunk driving and most recently driving without a license after causing an accident. This also shows a disrespect for the laws of this country. The court notes that you have established a history of employment in this country and a stable address. However, under the totality of the circumstances if you are released you have little to no incentive to return to court and continue with your immigration case including surrendering yourself for deportation if deportation becomes necessary.

(*Id.*)

The Court finds that the IJ erred by failing to consider whether alternative conditions of release could have mitigated flight risk. *See Hernandez*, 872 F.3d at 993 ("[W]hen the government determines what bond to set without considering a detainee's financial circumstances, or the availability of alternative conditions of release, there is a significant risk that the individual will be needlessly deprived of the fundamental right to liberty."); *Doe v.*

*Becerra*, 732 F. Supp. 3d 1071, 1088 (N.D. Cal. 2024) ("If alternatives can mitigate risks and protect the government's interests, then detention (instead of one of those alternatives) is excessive in relation to those interests and unconstitutionally punitive.").

Particularly where Petitioner submitted significant evidence of community ties, including his presence at a fixed address for six years, his filing of twenty years' worth of tax returns with the IRS, his ownership of a business, and *nineteen* affidavits of support, including one from the police officer who arrested Petitioner for driving without a license, it was error for the IJ not to consider whether the government's interest in ensuring Petitioner's appearance for future proceedings could have been ensured with alternative conditions of release. *See Perez Velasquez v. Bondi*, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (finding abuse of discretion where record did not show that IJ considered significant mitigating evidence); *Singh v. LaRose,* No. 26-CV-1425, 2026 WL 1387428, at *6 (S.D. Cal. May 18, 2026) (finding abuse of discretion due to IJ's failure to consider highly probative evidence). Moreover, while the IJ stated in a conclusory fashion that he had "considered" Petitioner's employment history and presence at a fixed address "where there is any indication that the [immigration court] did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (citing *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir.2006)). Given the "highly probative" nature of this evidence, the IJ's failure to discuss it raises an inference that he did not, in fact, consider all the evidence before him. *Id.*

The decision denying bond was therefore an abuse of discretion and amounts to a deprivation of Petitioner's right to due process. *Quan,* 2021 WL 308610, at *4.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Abel Jorge M. (A# 232-303-903) from custody. At the time of release, Respondents must return all of Petitioner's

documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondents shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

2. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 2.)

3. The Motion for Order to Show Cause is DENIED as moot. (ECF No. 3.)

4. The Motion for Access to Respondents' Filings and for Expedited Consideration is DENIED as moot. (ECF No. 9.)

5. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE